UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT J. THORNTON,<br><br>    Defendant. | NO.   CV-12-199-JLQ<br><br>**ORDER GRANTING JUDGMENT AND DECREE OF FORECLOSURE** |

    BEFORE THE COURT, without oral argument, is the Government's Application for Judgment and Decree of Foreclosure Upon Order of Default. ECF No. 11.

    On April 12, 2012, the United States filed a Complaint to collect an indebtedness based on promissory notes signed by the Defendant (ECF No. 1). The Defendant did not respond to the Complaint. On October 31, 2012, based on the Defendant's failure to respond to the Complaint a Clerk's Order of Default was entered on November 1, 2012 (ECF No. 9). The Government seeks a final Judgment and Decree of Foreclosure Upon Order of Default (ECF No. 11). On December 28, 2012, the court received a letter from the Defendant (ECF No.14), which the court responded to (ECF No. 15)and forwarded a copy to counsel for the Government.

    The proposed judgment submitted by the Government includes an award of attorney fees against the Defendant. There is no allegation in the Complaint concerning entitlement to attorney fees and the Complaint does not seek an award of attorney fees. Therefore, the court will not include an award of attorney fees in this Order for entry of judgment.

ORDER - 1

1   The court grants the Government's Motion, in part, as follows:

I.

Plaintiff is awarded judgment against Defendant Robert J. Thornton in the amount of $212,728.94 ($170,483.12 principal and $42,245.82 interest accrued through February 7, 2012), plus interest to accrue at the rate of $17.6628 per day from and after February 7, 2012, to the date of judgment, plus interest from the date of judgment at the legal rate until paid in full, and for costs of suit, including the filing fee allowed pursuant to 28 U.S.C. § 2412(a)(2).

II.

The debt upon which this judgment is based is secured and perfected by the following:

(1)   a real estate mortgage recorded June 25, 1993, under Auditor's File No. 804510, Official Records of Okanogan County, Washington;

(2)   a real estate mortgage recorded January 16, 1998, under Auditor's File No. 861403, Official Records of Okanogan County, Washington;

(3)   a real estate mortgage recorded March 6, 2000, under Auditor's File No. 3019772, Official Records of Okanogan County, Washington;

(4)   a real estate mortgage recorded May 7, 2001, under Auditor's File No. 3033781, Official Records of Okanogan County, Washington;

(5)   a real estate mortgage recorded May 7, 2001, under Auditor's File No. 3033782, Official Records of Okanogan County, Washington;

(6)   security agreements describing farm equipment and livestock, perfected by a financing statement, filed June 8, 1993, as Instrument No. 93-159-0216; a continuation statement filed December 17, 1997, as Instrument No. 97-351-0162; a continuation statement filed April 7, 2003, as Instrument No. 2003-100-0487-7; and a continuation statement filed January 14, 2008, as Instrument No. 2008-014-7984-9, Official Records of Department of Licensing, Olympia, Washington;

III.

ORDER - 2

The foregoing real estate mortgages and security instruments cover the following described real and personal property and sprinkler equipment appurtenant thereto, situated in Okanogan County, in the State of Washington:

<u>REAL PROPERTY</u>

All of the Northwest quarter of the Southwest quarter, Section 35, Township 39 North, Range 27, E.W.M., Except that portion thereof described as follows:
Beginning at the Southeast corner of the said Northwest quarter of the Southwest quarter;
Thence N. 00 deg. 01'13" E. on the East boundary line of the said subdivision a distance of 1335.51 feet to the Northeast corner thereof;
Thence S. 89 deg. 51'11" W. on the North boundary line of the said subdivision a distance of 535.00 feet;
Thence S. 00 deg. 01'13" W. a distance of 805.79 feet;
Thence S. 89 deg. 54'30" W. a distance of 30.00 feet;
Thence S. 00 deg. 01'13" W. a distance of 529.20 feet to the South boundary line of the said Northwest quarter of the Southwest quarter;
Thence N. 89 deg. 54' 30" E. on the said South boundary line a distance of 565.00 feet to the Southeast corner thereof and the point of beginning.
EXCEPT that portion lying within the rights of way for the State Highway and the Burlington Northern Railway.
All Situated in Okanogan County, Washington State.

ALSO, Government Lot 12 of Section 27, Township 39 North, Range 27 E.W.M., Okanogan County, Washington.

ALSO, Government Lot 6 and that portion of Government Lot 5 lying West of Highway 97 right of way and the South 100 feet of Lot 5 lying East of Highway 97 right of way in Section 34, Township 39 North, Range 27 E.W.M., Okanogan County, Washington.

<u>FARM EQUIPMENT and LIVESTOCK</u>
MF 35 Tractor, S/N 169165

45 Mixed Breed Beef cows with calves

## IV.

The real estate mortgages and security instruments constitute first and prior liens upon the real property and farm equipment and livestock described above, and are hereby foreclosed. Defendant Robert J. Thornton and all persons claiming by, through or under them are forever barred and foreclosed from asserting any right, title, or interest in and to said property, except the right of redemption provided by law. Said property is hereby ordered sold in the manner provided by law with the proceeds of such sale to be applied first in payment of Plaintiff's judgment; and second, in payment of costs of this suit, but not including attorney fees.

ORDER - 3


V.

If any deficiency remains after the application of the proceeds of such sale, then execution may issue on any such deficiency against Defendant Robert J. Thornton, and enforced against any property of his not exempt from execution.

VI.

Any party to this suit may become a purchaser at such sale.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Government's Application for Judgment and Decree of Foreclosure Upon Order of Default (ECF No. 11) is **GRANTED**.

2. The Clerk is directed to enter **JUDGMENT** in the Government's favor as specified herein.

3. This file shall be **CLOSED** following entry of judgment. Supplemental proceedings. may take place without moving to reopen the file.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward a copy to all parties including Mr. Thornton.

Dated January 7, 2013.

                s/ Justin L. Quackenbush
                JUSTIN L. QUACKENBUSH
         SENIOR UNITED STATES DISTRICT JUDGE